IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **NEXTSTEP DEVELOPMENT, INC.** | § | CASE NO. 16-52019 |
| | § | |
| **BANDERA POINTE HOSPITALITY, LP.** | § | CASE NO. 16-52021 |
| | § | |
| Jointly Administered Debtor | § | CHAPTER 11 PROCEEDING |
| | § | (Jointly Administered Under |
| | § | 16-52019) |

**DEBTOR NEXTSTEP DEVELOPMENT, INC.'S EXPEDITED MOTION (A) FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (B) TO ESTABLISH PROCEDURES WITH RESPECT TO SUCH SALE AND THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES AND (C) TO CONSIDER APPROVAL OF BREAK UP FEE**

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

Now comes NEXTSTEP DEVELOPMENT, INC. ( "Nextstep") and submits this Motion pursuant to Sections 105(a), 363(b), (f) and (m), and 365 of the Bankruptcy Code, and Bankruptcy Rules 6004, 6006, 9006 and 9007 and seek the following relief: (a) entry of an order scheduling an expedited hearing (the "Procedures Hearing") to consider (i) approval of certain bid protections for the sale of substantially all of Nextstep Development, Inc.'s assets (the "Assets"); (ii) approving procedures for the assumption and assignment by Seller to the buyer of certain personal property leases and executory contracts and (iii) scheduling an auction sale for said Assets and establishing terms and conditions, including overbid procedures, for interested bidders to submit higher and better offers for the proposed sale of the Assets, all as more fully set forth below; (b) following the conclusion of the Procedures Hearing, entry of an order (i) approving the proposed bid and procedures and scheduling the proposed auction sale; and (ii) scheduling a further hearing (the "Sale Hearing") to consider approval of the bidder who shall have submitted the highest and best offer for the purchase of the Assets and assumption of the leases and executory contracts (any such successful bidder being referred to herein as a "Purchaser"); and (c) following the conclusion of the Sale Hearing, entry of an order (i) approving the agreement with the Purchaser (the "Agreement"); (ii) authorizing and approving the sale of Assets

to any such Purchaser free and clear of all liens, claims, interests and encumbrances; (iii) authorizing Debtor Nextstep to assume and assign to such Purchaser the leases and/or executory contracts as described in the Agreement and fixing cure costs in connection therewith, and (iv) waiving the automatic 14-day stay following entry if such order under Bankruptcy Rules 6004(h) and 6006(d) in order to permit Nextstep to immediately consummate the sale of the Assets to Purchaser.

In support of this Motion, Nextstep respectfully aver as follows:

### **Introduction**

1. On September 6th, 2016 (the "Petition Date"), Debtor Nextstep Development, Inc. ("Nextstep") filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Code") with the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. An order for relief was entered on the respective date of filing and on September 13th, 2016, this Court entered its order authorizing joint administration of Nextstep proceeding and the case styled, *In re: Bandera Pointe Hospitality, LP*. ("Bandera"). Nextstep and Bandera are collectively referred to herein as the "Debtors". Debtors Nextstep and Bandera are each operating their respective businesses as a Debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in this bankruptcy case. No request has been made for the appointment of a trustee or examiner. An official committee of unsecured creditors (the "Committee") was not appointed.

3. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U. S.C. Sections 1 57(b)(2)(A), (N) and (O). Venue of Debtor' Chapter 11 cases and this Motion in this District is proper pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007.

4. Nextstep has determined that the best and most efficient exit strategy for their successful emergence from Chapter 11 will likely be through a sale of substantially all of its Assets to a third party.

5. Nextstep has moved expeditiously to initiate and implement a process to identify and communicate with parties who might be interested in acquiring the Assets by

employing Marcus & Millichap as its real estate broker. Marcus & Millichap has solicited all initial offers to be submitted on or before November 7th, 2016. At the Sale Procedures, the Debtor will request the Court to set December 8th, 2016 as the deadline by which interested parties must qualify to participate in the auction at the Sale Hearing (the "Bid Deadline"). In the course of that sale process, several parties have expressed interest in purchasing the Assets of the Business under 11 U.S.C. § 363. Marcus & Millichap has continued to have discussions with such interested parties and all potential bidders are currently aware of the potential December 8th, 2016 deadline and an auction that will, subject to Court approval, occur on December 12th, 2016.

6. Paresh A. Patel and Nima P. Patel (collectively, "Patel"), the proposed purchaser identified in Exhibit "A" attached hereto wants to consummate the sale in approximately seventy (70) days from the date on which the Court approves the sale. Nextstep seeks authority to sell the Assets to a purchaser at the Sale Hearing, subject to Nextstep's right to withdraw this Motion prior to said Sale Hearing.

7. By this Motion, Nextstep seeks the entry of an order following the conclusion of the Sale Hearing authorizing Nextstep to sell the Assets and assign leases and executory contracts and to consummate such other related and necessary transactions in connection therewith to the a purchaser approved by the Court with such assets to be transferred and conveyed free and clear of all liens, claims, interests and encumbrances.

## Proposed Sale of Assets and Assumption and Assignment of Lease of Nextstep Development, Inc. to Purchaser

8. As set forth in Exhibit "A" attached hereto, Nextstep's sale and assignment to Patel (subject to higher bids) is for a purchase price of at least $3,050,000.00 and on an "as is, where is basis".

9. The sale of the Assets of Nextstep and assignment of leases and executory contracts is to be free and clear of any and all liens, claims, interests and encumbrances.

## Establishing Cure Costs

10. Debtor, by this Motion, is also requesting that any objections by non-debtor parties under and leases or executory contracts to the assumption and assignment be considered

at the Sale Hearing. In assuming the personal property leases and executory contracts, Debtor Nextstep will cure defaults and/or pay all amounts (collectively, "Cure Costs"), if any, as required by Section 365(b) of the Bankruptcy Code and will provide adequate assurance of future performance by the Purchaser to whom the assigned leases and executory contracts are being assigned. **Debtor asserts that no Cure Costs exist other than $45,231.04 owed to Choice Hotels International.** Debtor requests that, unless an objection to the proposed Cure Costs is properly and timely filed and served, the Court enter an order providing that: no Cure Costs are outstanding. If an objection to a particular Cure Cost is timely filed and served, Debtor requests that the Court determine the disputed Cure Cost at the Sale Hearing. The Cure Costs ultimately determined by the Court shall be paid at Closing or as soon as practicable following the Closing on the sale of the Assets, or on such other date as shall be determined by the Court.

11. It shall be each prospective Purchaser's responsibility to provide evidence necessary for the Court to find that the assignee can provide adequate assurance of future performance under personal property leases and executory contracts within the meaning of Section 365(b)(1)(C) of the Bankruptcy Code. Each prospective Purchaser will assume all obligations that arise after the closing date under the leases and executory contracts to be assigned to that Purchaser. Debtor will be relieved of any post-assignment liability for any breach of the assigned leases and licenses in accordance with Section 365(k) of the Bankruptcy Code.

12. The sale, assumption and assignment of the personal property leases or executory contracts as proposed herein is reasonable and proper under Sections 363 and 365 of the Bankruptcy Code and is in the best interests of Debtors, their respective creditors and the estates Accordingly, ample cause exists for the proposed sale, assumption and assignment of the Assets.

## Miscellaneous Provisions

13. Nextstep seeks authorization to take such action and to execute and deliver any approved asset purchase agreement and such other documents, agreements and instruments as may be necessary or advisable to effectuate the terms thereof or any other Court approved sale, provided that the Nextstep may not agree to any material modification to an approved asset purchase

agreement or ancillary documents without order of the Court.

## Good Faith Purchaser Designation

14. As part of the relief sought by Nextstep will ask the Court to designate any successful Purchaser as a good faith purchaser, as such term is utilized in Section 363(m) of the Bankruptcy Code. Such designation can be made by a Bankruptcy Court in the context of a sale of assets of Nextstep when it has been established that the proposed purchaser is an unrelated third party, not affiliated with or having any insider relationship with Nextstep, and when the proposed transaction is for fair value and is the result of arms length negotiations between the parties. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986). As set forth in Exhibit "A" attached hereto, Patel is the proposed purchaser of substantially all of Nextstep's assets. Patel does not have any interest in Nextstep and the negotiations between Patel and Nextstep have been on an "arms length" basis.

15. With respect to the proposed transactions, Nextstep anticipates that any Purchaser proposed will meet the qualifications for designation as a good faith purchaser in that: (a) they will not be affiliated in any way with Nextstep, and (b) they and their representatives will have negotiated in good faith and at arm's length with Nextstep management.

16. Nextstep expects to receive additional bids for the purchase of all of the Assets by the Bid Deadline. In any event, prior to the Auction Sale identified below, Nextstep will identify the highest and best offer, and such highest and best offer will be subject to overbid at the auction, as described in more detail below.

17. Any entity who wishes to make an offer to acquire the Assets was and is invited (subject to the provisions of a confidentiality and non-disclosure agreement which such entity must execute) to conduct due diligence, at their own expense, prior to the Sale Hearing. All bidders will be given an equal and fair opportunity to gather information which they feel is necessary to formulate a bid for the acquisition of the Assets, subject to the execution of the above-described confidentiality agreement in form reasonably satisfactory to Nextstep.

## Best Interests Of The Estate

18. Nextstep believes that the a sale of the Assets and assignment of personal property

leases and executory contracts as requested herein and set forth in detail in any agreement with a proposed Purchaser will provide a significantly greater realization for assets than the liquidation value that would be obtained if the assets were not sold expeditiously in the manner requested herein.

19. Section 363(b) of the Bankruptcy Code provides that debtor in possession ". . . after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Under the prevailing case law, a sale under Section 363(b) requires that the Court "expressly find from the evidence presented . . . a good business reason" to approve the sale. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983). Accord Stephens Industries, Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

20. Nextstep believes, and therefore avers, that the present circumstances of this bankruptcy case warrant approval of the sale of the Assets under the standard articulated in Lionel. Thus, a sale of Assets is appropriate as such transaction shall represent the exercise of sound business judgment on the part of Nextstep.

21. Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if
>
> (2) such entity consents ; or
>
> \* \* \*
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f)(2), (5).

22. Nextstep believes that approval of the proposed sale of the Assets to a successful Purchaser comports with Section 363(f)(2) of the Bankruptcy Code in that all creditors asserting valid interests in and against the Assets will consent to the transaction. Because the sales price exceeds the amount of claims secured by the Assets, the Debtor believes that the secured creditors will consent to the sale (with the express right, but not the obligation, to credit bid). To the extent

that any creditor asserting a valid interest in and against the assets does not consent to the sale, Nextstep believe that such creditor could be compelled to accept a money satisfaction of such interest in accordance with Section 363(f)(5) of the Bankruptcy Code.

23. In addition, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is to insure a Bankruptcy Court's power to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 <u>Collier on Bankruptcy,</u> 105.01, at 105-2 (15th ed. 1993). Thus, this Court may exercise its equitable powers to grant the relief requested in this Motion.

24. Finally, approval of a sale transaction as contemplated herein will help facilitate Nextstep's ability to seek approval of a plan of reorganization or a structured dismissal and to distribute the sale proceeds in accordance with the priorities delineated in the Bankruptcy Code.

25. In order to facilitate the sale process, Nextstep will receive bids by the Bid Deadline, determine which offer is the highest and best offer, and proceed with the auction described below.

**Breakup Fee To Initial Bidder**

26. Patel as identified in Exhibit "A" has invested substantial time and effort in negotiating the material terms of an Agreement with Nextstep. Patel has also invested time and effort in connection with its investigation of Nextstep and its due diligence review. It shall have incurred various legal and other professional costs and expenses, and will incur still further substantial additional fees and costs in its continuing due diligence investigations. Subject to the terms of the Agreement attached hereto as Exhibit "A" (the "Agreement"), if a closing occurs with respect to a sale of the Assets to a party other than Patel with respect to such assets, and Patel is ready, willing and able to close the transaction and is not in default under the Agreement, Nextstep propose that Patel be paid a "Breakup Fee" in an amount equal to no more than $50,000.00. The Breakup Fee would be paid in the event of the closing of a sale of the Assets to a party other than Patel for such assets, concurrently with said closing. Nextstep's obligations to pay a Breakup Fee to Patel would be allowed as an administrative expense claim

7

in Nextstep's Chapter 11 case pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1) as an actual, necessary expense to preserve the value of the bankruptcy estates.

27. Sellers of assets often employ buyer protections in order to encourage the making of other purchase offers. These protections are "important tools to encourage bidding and to maximize the value of Nextstep's assets." In re Integrated Resources, Inc., 147 B.R. 650, 659 (S.D.N.Y. 1992). Nextstep submits that the proposed Breakup Fee will not hamper or deter competitive bidding for the Assets. Rather, it will encourage bidding by providing prospective purchasers with an incentive to bid for the Assets and will likely serve as a magnet for other bids. Moreover, Nextstep believes that the ability to provide a breakup fee will set a guaranteed floor price for the Assets and motivate other potential bidders to participate.

28. Nextstep further requests that the Court require that any examination of the Assets and other information relative to the transaction by a prospective bidder be conducted prior to the Sale Hearing at mutually convenient dates and times. Nextstep may request that prospective bidders be required to execute a confidentiality agreement in form reasonably satisfactory to Nextstep prior to conducting any due diligence or obtaining information considered confidential by Nextstep. In addition, any bidder should be required, within twenty-four (24) hours after Nextstep's request, to submit financial statements and other documents relating to its business activities and its ability to perform in the event that its bid is accepted. Furthermore, in order to ensure that the Assets' value is truly maximized, Nextstep requests that the Court approve the following bid procedures at the Procedures Hearing, so that competing offers for the Assets shall be accepted only if they meet the following requirements.

> (a) Persons or entities other than Patel wishing to make a competing bid for any or all of the Assets (a "Proposed Bid") shall submit bids in the form of the Agreement (the "Proposed Agreement") to Nextstep through Nextstep's attorney no later than the Bid Deadline (December 8th, 2016 or such other date as approved by the Court), together with an earnest money deposit (the "Deposit") in an amount of equal to $25,000.00 and must also provide proof of financial ability to close on the transactions described in the Proposed Agreement, including proof of financial ability to perform under the contract attached hereto

as Exhibit "A". The Proposed Bid, including, without limitation, the Deposit and an original counterpart of the executed Proposed Agreement, should be delivered to William B. Kingman, Law Offices of William B. Kingman, P.C., 4040 Broadway, Suite 350, San Antonio, TX 78209.

(b)     Any competitive bid must also conform to the following requirements:

(1) provide for a closing date on the sale which is no later than sixty seven (67) days after the Court's approval of the sale:

(2) contain substantially the same (or more favorable) terms and conditions as those contained in the agreement attached hereto as Exhibit "A");

(3) proffer a competing bid which is (i) greater than the purchase price contained in Patel's Agreement by at least $75,000.00; and

(4) by its terms, remain open for acceptance through the earlier of the closing of any transaction with a winning bidder or February 15, 2017;

(c)     On or before the close of business on December 9th, 2016 (or such other date as approved by the Court), Nextstep shall review the Proposed Bids and Nextstep shall notify the prospective competing bidders if their bids satisfy the criteria required to participate in an auction sale regarding the Assets (each such bidder and Patel being referred to herein as an "Eligible Bidder"). Nextstep shall be entitled to extend the deadline for a prospective competitive bidder to comply with the eligibility requirements if it determines that such party is working in good faith to comply and appears to have the ability to do so.;

(d)     All Eligible Bidders must attend an auction sale (to be conducted by the Court on December 12th, 2016 or another date set by the Court) (the "Auction Sale"), at a location to be identified in the notice of the Sale Hearing to be served on interested parties;

(e)     At the Auction Sale, bidding for the Assets will be conducted in minimum incremental bids of $25,000.00 (or such smaller increment as Nextstep or the Court deem appropriate under the circumstances).

(f)     Following the conclusion of bidding and prior to the Sale Hearing, the

Court shall determine which bid generates the greatest amount for Nextstep's estate, and identify one or more proposed Purchasers and Agreements to recommend for approval by the Court at the Sale Hearing as constituting the highest and best offers; and

(g) At the Sale Hearing, Nextstep shall seek Court approval for the sale of the Assets the proposed purchaser on terms and conditions as set forth in any Agreement reached with such prospective purchaser, and Nextstep shall also seek approval of one or more back-up bids.

29. Nextstep also asks the Court to direct that offers made prior to or at the Sale Hearing may not be withdrawn after they are made and any entity's refusal or failure to comply with its offer after acceptance of same by Nextstep and approval by the Court shall entitle Nextstep to retain the Deposit.

30. Finally, Nextstep reserves the right to reject any proposed higher and better offer which, in its discretion, is deemed inadequate or insufficient or which is contrary to the best interests of the estate. Nextstep intends to submit any disputes which may arise in connection with the bidding process to the Bankruptcy Court for determination on an expedited basis.

31. Simultaneously herewith, Nextstep has served a copy of this Motion, along with exhibits, on the Office of the United States Trustee, counsel for Patel, counsel for all parties identified on the service list maintained in this case, and all parties, if any, believed by Nextstep to assert a lien on the Assets.

## **Notice - Expedited Consideration**

32. Nextstep has submitted herewith a proposed order providing notice of the proposed sale procedures and the Procedures Hearing scheduled to consider same, which Nextstep will serve on the Office of the United States Trustee, all parties identified on the service list maintained in this case and all creditors asserting a security interest in the Assets.

33. Federal Rule of Bankruptcy Procedure 6004 provides, in pertinent part, as follows:

> (a) Notice of Proposed Use, Sale, or Lease of Property. Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) . . . .

10

Fed.R.Bankr.P. 6004.

Federal Rule of Bankruptcy Procedure 9007 provides, in pertinent part, as follows:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

Fed.R.Bankr.P. 9007.

34. Nextstep contends that the form of notice set forth above and the period for scheduling the hearing on the sale comport with Bankruptcy Rules 6004, 6006 and 9007, constitute good and sufficient notice of the relief sought herein and of all hearings and procedures contemplated hereby.

### **Waiver of 14-Day Stay on Closing**

35. Bankruptcy Rules 6004(h) provide that an order authorizing the use, sale, or lease of property and an order authorizing the assumption and assignment of executory contracts or unexpired leases will be stayed for fourteen (14) days after entry of such approval orders unless the court orders otherwise. Because of the need to close the transactions contemplated herein as promptly as possible, Nextstep request that the Court order and direct that the order approving this Motion shall not be automatically stayed for fourteen (14) days.

36. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Nextstep Development, Inc. respectfully request that the Court grant this Motion and enter one or more orders providing relief as requested hereinabove, and granting such other and further relief as may be just and proper.

Respectfully submitted on December 6th, 2016,

<div style="margin-left: 2em;">

LAW OFFICES OF WILLIAM B. KINGMAN, P.C.
4040 Broadway, Suite 350
San Antonio, Texas 78209
Telephone: (210) 829-1199
Facsimile: (210) 821-1114

By: */s/ William B. Kingman*
William B. Kingman, State Bar No. 11476200
**COUNSEL FOR DEBTOR**

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been transmitted pursuant to the applicable rules (via electronic transmittal and/or via US First Class Mail, postage prepaid) to the following parties in interest and to the parties on the attached Service List on December 6th, 2016.

Paresh A. Patel & Nima P. Patel
c/o Robert Pazouki
Pazouki & Arambula, LLP
17115 San Pedro Ave., Suite 330
San Antonio, TX 78232

<div style="margin-left: 2em;">

*/s/ William B. Kingman*
William B. Kingman

</div>

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 16-52019-cag<br>Western District of Texas<br>San Antonio<br>Tue Dec  6 12:11:06 CST 2016 | Bandera Pointe Hospitality, LP<br>8122 Floating View<br>San Antonio, TX 78255-3305 | Nextstep Development, Inc.<br>12010 Lamar Bridge<br>San Antonio, TX 78249-4165 |
| U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 | AAA<br>AAA-Mail Stop 2<br>1000 AAA Dr.<br>Heathrow, FL 32746-5060 | Addersley Investments Inc.<br>8122 Floating View<br>San Antonio, TX 78255-3305 |
| Albert Uresti, M.P.A.<br>Bexar County Tax Assessor<br>233 N. Pecos La Trinidad<br>Viste Verde Bldg 2nd Floor<br>San Antonio, TX 78207-3177 | Alpesh Patel<br>8122 Floating View<br>San Antonio, TX 78255-3305 | American Automobile Association<br>1000 AAA Drive<br>Heathrow, FL 32746-5063 |
| American Express Bank FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | American Express Merchant Financing<br>PO Box 981555<br>El Paso, TX 79998-1555 | Auto Chlor Services<br>4846 whirlwind<br>san antonio, TX 78217-3715 |
| Auto-Chlor<br>4846 Whirlwind Dr.<br>San Antonio, TX 78217-3715 | Bexar County<br>c/o Don Stecker<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 | CPS Energy<br>P.O. Box 2678<br>San Antonio, TX 78289-0001 |
| Can Capital<br>2015 Vaughn Rd. NW<br>Suite 500<br>Kennesaw, GA 30144-7831 | Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Choice Hotels International<br>PO Box 99992<br>Chicago, IL 60696-7792 | City of San Antonio<br>PO Box 839975<br>San Antonio, TX 78283-3975 | Hayden & Cunningham, PLLC<br>c/o D. Wade Hayden<br>7750 Broadway<br>San Antonio, Texas 78209-3244 |
| Headway Capital, LLC<br>175 W. Jackson Blvd.<br>Ste. 1000<br>Chicago, IL 60604-2863 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Kabbage, Inc.<br>925B Peachtree St. NE<br>Ste. 1688<br>Atlanta, GA 30309-3918 |
| Michael Baucum<br>1100 NW Loop 410, Ste. 260<br>San Antonio, TX 78213-2200 | Niraj Patel<br>12010 Lamar Bridge<br>San Antonio, TX 78249-4165 | Ronald J. Johnson<br>111 Soledad, Ste. 1350<br>San Antonio, TX 78205-2276 |
| Rubin Law Firm<br>11 Broadway<br>Suite 814<br>New York, NY 10004-1366 | San Antonio Water System<br>PO Box 2990<br>San Antonio, TX 78299-2990 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |

| | | |
|---|---|---|
| Texas Comptroller of Public Accounts<br>Rachel R. Obaldo, Asst. Attorney General<br>c/o Sherri K. Simpson, Paralegal<br>P.O. Box 12548<br>Austin, TX  78711-2548 | Time Warner Cable<br>PO Box 60074<br>City of Industry, CA 91716-0074 | U.S. Trustee<br>615 E. Houston, Rm 533<br>San Antonio, TX 78295-1601 |
| United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 | Weinritter Realtly, L.P.<br>C/O Ronald J. Johnson<br>111 Soledad, Suite 1350<br>San Antonio, Texas 78205-2276 | Weinritter Realty LP<br>PO Box 782129<br>San Antonio, TX 78278-2129 |
| Windset Capital<br>4168 W 12600 S<br>2nd Floor<br>Riverton, UT 84096-7471 | Yellowstone Capital<br>1 Evertrust Plaza<br>14th Floor<br>Jersey City, NJ 07302-3088 | William B. Kingman<br>4040 Broadway, Suite 350<br>San Antonio, TX 78209-6375 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Texas Comptroller of Public Accounts<br>P.O. Box 13528<br>Austin, TX 78711-3528 | (d)Texas Comptroller of Public Accounts<br>P.O. Box 149359<br>Austin, TX 78714 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Auto-Chlor<br>4846 Whirlwind Dr.<br>San Antonio, TX 78217-3715 | (d)Bandera Pointe Hospitality, LP<br>8122 Floating View<br>San Antonio, TX 78255-3305 | (d)Yellowstone Capital<br>1 Evertrust Plaza<br>14th Floor<br>Jersey City, NJ 07302-3088 |

End of Label Matrix
Mailable recipients     38
Bypassed recipients      3
Total                   41