IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEXTSTEP DEVELOPMENT, INC. | § | CASE NO. 16-52019 |
| | § | |
| BANDERA POINTE HOSPITALITY, LP. | § | CASE NO. 16-52021 |
| | § | |
| Jointly Administered Debtors | § | CHAPTER 11 PROCEEDING |
| | § | (Jointly Administered Under |
| | § | 16-52019) |

**DEBTORS' EXPEDITED MOTION FOR AN ORDER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

NEXTSTEP DEVELOPMENT, INC. and BANDERA POINTE HOSPITALITY, LP., Jointly Administered Debtors (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), hereby request this Court (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order extending the Debtors' exclusive periods to file a chapter 11 plan or plans and to obtain acceptances of such plan(s) to February 28th, 2017 and April 29th, 2017, respectively. In support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 1121(d) of the Bankruptcy Code, together with Bankruptcy Rule 9006(b)(1).

## BACKGROUND

### A. Introduction

2. On September 6th, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). These cases are jointly administered. The Debtors continue in possession of their property and they are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. No trustee or examiner or committee has been appointed in the Debtors' Chapter 11 Cases.

4. Prior to the Petition Date and throughout these Cases, the Debtors have diligently evaluated, in consultation with their professionals, a number of options to address the Debtors' financial issues. These efforts included engaging in discussions regarding restructuring the Debtors' businesses and the sale of their respective assets. In connection therewith, the Court has approved the sale of the Debtors' property. The Debtors believe that, from the sales proceeds, they will be able to satisfy all of their creditors' claims. Therefore, rather than filing a plan or plans of reorganization, they will likely request the court to authorize the payment of all claims and to simultaneously dismiss the bankruptcy proceedings. However, the closing of the sales of the assets will not occur until after the end of the "exclusivity" period provided for under Section 1121 of the Bankruptcy Code.

5. Based upon the foregoing, the Debtors request the Court to extend the exclusivity period to file a plan or plans and to obtain confirmation of such plan(s). In connection herewith, Weinritter Realty, LP, the Debtors' largest secured creditor, and the United States Trustee do not oppose the requested extension.

## RELIEF REQUESTED

6. Pursuant to this Motion and Section 1121(d)(1) of the Bankruptcy Code, the Debtors seek the entry of an order extending the periods under Section 1121(b) and (c) of the Bankruptcy Code in which the Debtors have the exclusive right to file a Chapter 11 plan through February 28th, 2017 and to obtain acceptance of such plan(s) through April 30th, 2017, without prejudice to their right to seek additional and further

extensions of these periods as may be appropriate under the circumstances then prevailing. The requested extension is reasonable and necessary given the pending sales of assets and the issues to be resolved before the Debtors determine whether it is necessary to file a Chapter 11 plan of reorganization.

7. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to file a Chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes a Chapter 11 plan within the exclusive filing period, it has a period of 180 days after the commencement of the Chapter 11 case to obtain acceptances of such Chapter 11 plan. Absent an extension, the Debtors' extended exclusive filing period and exclusive solicitation period will expire on January 4th, 2017 and March 5th, 2017, respectively (the "Exclusive Periods"). Pursuant to Section 1121(d)(1) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend the Debtors' Exclusive Periods. As described below, cause exists for extending the Debtors' Exclusive Periods.

8. The paramount objectives of a Chapter 11 case are the rehabilitation of a debtor's business and the negotiation, development, proposal, confirmation and consummation of a Chapter 11 plan. The periods for exclusively filing a Chapter 11 plan and exclusively soliciting votes on such plan under Section 1121 of the Bankruptcy Code were intended to afford a debtor a full and fair opportunity to achieve these objectives without the disruption of its business that might be caused by the filing of competing Chapter 11 plans.

9. Section 1121(d)(1) of the Bankruptcy Code provides in pertinent part:
> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section. 11 U.S.C. § 1121(d)(1).

10. Congress intended that the period during which only the debtor may file a

Chapter 11 plan be of adequate length for the debtor to formulate, negotiate and draft a consensual Chapter 11 plan and solicit acceptances thereof. As reflected in the legislative history of Section 1121 of the Bankruptcy Code, Section 1121(d) "allows the flexibility in individual cases" to extend the periods in which the debtor has the exclusive right to file a Chapter 11 plan "to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd*, 155 B.R. 93 (D.N.J. 1993); *In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (explaining that "the legislative intent... [is] to promote maximum flexibility").

11. In circumstances in which the initial period to exclusively file a Chapter 11 plan proves inadequate for the debtor to negotiate and file a Chapter 11 plan, the bankruptcy court has the discretion to extend the periods under Section 1121 for substantial periods of time.

12. In determining whether cause exists to extend a debtor's exclusive periods, courts generally consider the following factors:

    (i)    the size and complexity of the case;

    (ii)    the necessity of sufficient time to negotiate and prepare adequate information;

    (iii)    the existence of good faith progress;

    (iv)    whether the debtor is paying its debts as they become due;

    (v)    whether the debtor has demonstrated reasonable prospects for filing a viable Chapter 11 plan;

    (vi)    whether the debtor has made progress in negotiating with creditors;

    (vii)    the length of time a case has been pending;

    (viii)    whether the debtor is seeking an extension to pressure creditors; and

    (ix)    whether or not unresolved contingencies exist.

*In re Central Jersey Airport Services,* 282 B.R. 176, 184 (Bankr. D. N. J. 2002) (and cases cited therein); *see In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Express One Intl, Inc.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

13. The facts and circumstances of these Chapter 11 Cases and the express

terms of Section 1121(d) amply support the extension of the Debtors' Exclusive Periods requested herein.

14. The Debtors believe that ample cause exists to support the requested extension of the Exclusive Periods.

15. <u>The Size and Complexity of the Case and Length of Time Case Has Been Pending</u> Although not a particularly large case, the Debtors' cases have their share of complexities. The Debtors since filing these Cases have focused their efforts on the operations of the business and the sale of their assets. The varied nature of the interests in these cases compel the requested extension of the Exclusive Periods.

16. <u>Sufficient Time to Negotiate and Prepare Adequate Information and the Existence of Unresolved Contingencies</u> Although the Debtors do not believe that they will need to file a plan or plans of reorganization, they might decide to do so. Termination of exclusivity could be very disruptive to the Debtors' efforts to develop a Chapter 11 plan. Moreover, if exclusivity terminates and competing Chapter 11 plans are filed, resources and energy will necessarily be diverted from negotiating a consensual Chapter 11 plan to prosecuting and defending competing Chapter 11 plans.

17. <u>The Existence of Good Faith Progress and Progress in Negotiating with Creditors</u> This is the Debtors' first request for extension of the Exclusive Periods. As a result of the court approved sale of the Debtors' assets, the Debtors have made significant progress in this proceeding, with the ultimate goal of paying all of their creditors..

18. <u>The Debtors Have Paid Postpetition Debts As They Become Due</u> A debtor's payment of post-petition obligations as they come due supports a finding that the debtor is not abusing its exclusivity period. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Significantly, the Debtors' Chapter 11 efforts have not come at the expense of their administrative creditors. The Debtors have met post-petition obligations as they come due. As a result, the extensions requested in this Motion should not result in accruing significant administrative liabilities other than to Chapter 11 professionals.

19. <u>Extension Intended to Work Toward Reasonable Prospect of Filing a Viable Chapter 11 Plan, not to Pressure Creditors</u> If the Debtors determine that a plan of

reorganization needs to be filed, the requested extensions of the Exclusive Periods will provide the Debtors and all other parties in interest an opportunity to develop fully the grounds upon which serious negotiations toward a Chapter 11 plan can be based. Affording the Debtors a full opportunity to complete an extensive review and analysis of their estates' assets and claims, so that they may develop a plan that satisfies the requirements of Chapter 11, will only help the creditors and other parties in interest. *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.)*, 282 B.R. 444, 453 (B.A.P. 9th. Cir. 2002) ("The key question to us, then, is whether the first extension of exclusivity functioned to facilitate movement toward a fair and equitable resolution of the case, taking into account all the divergent interests involved."); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 410-11 (E.D.N.Y. 1989) (noting that when the debtor intends to preserve assets and is not in danger of dissipation of assets, and the debtor is attempting to negotiate for a viable Chapter 11 plan, an extension of exclusivity would best serve to "create a balance between the debtor and creditors"). Terminating the Exclusive Periods before this process is complete and the process of negotiation has been developed fully would defeat the purpose of Section 1121 of the Bankruptcy Code—to afford the Debtors a meaningful and reasonable opportunity to negotiate with creditors and propose and confirm a consensual Chapter 11 plan.

    20. Moreover, expiration of the Exclusive Periods could lead to adversarial situations that would cause deterioration in the Debtors' operations, the value of their estates and their ability to negotiate a consensual Chapter 11 plan.

    21. Accordingly, the Debtors should be granted a full and fair opportunity to negotiate, propose and seek acceptance of a Chapter 11 plan if one is necessary. The Debtors believe that the requested extension of the Exclusive Periods is warranted and appropriate under the circumstances. Further, the Debtors submit that the requested extension is reasonable and necessary, will not prejudice the legitimate interest of creditors and other parties in interest, and will, if the cases are not dismissed after the sale of the assets, afford the Debtors a meaningful opportunity to pursue a feasible and consensual plan, all as contemplated by Chapter 11 of the Bankruptcy Code.

WHEREFORE, the Debtors respectfully request that the Court enter an order extending the Exclusive Periods under Sections 1121(b) and (c) of the Bankruptcy Code

to file and obtain acceptances of a Chapter 11 plan to and including February 28th, 2017 and April 29th, 2017, respectively.

December 23nd, 2016

LAW OFFICES OF WILLIAM B. KINGMAN, P.C.
4040 Broadway, Suite 350
San Antonio, Texas 78209
Telephone: (210) 829-1199
Facsimile: (210) 821-1114

By: /s/William B. Kingman
William B. Kingman, State Bar No. 11476200
**COUNSEL FOR DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on December 23rd, 2016 via Court's ECF System and/or via U.S. First Class Mail to the parties on the attached creditor matrix in this case.

/s/ William B. Kingman
William B. Kingman

AAA
AAA-Mail Stop 2
1000 AAA Dr.
Heathrow, FL 32746

Addersley Investments Inc.
8122 Floating View
San Antonio, TX 78255

Albert Uresti, M.P.A.
Bexar County Tax Assessor
233 N. Pecos La Trinidad
Viste Verde Bldg 2nd Floor
San Antonio, TX 78207

Alpesh Patel
8122 Floating View
San Antonio, TX 78255

American Express
Merchant Financing
PO Box 981555
El Paso, TX 79998-1555

Auto-Chlor
4846 Whirlwind Dr.
San Antonio, TX 78217

Bandera Pointe Hospitality, LP
8122 Floating View
San Antonio, TX 78255

Can Capital
2015 Vaughn Rd. NW
Suite 500
Kennesaw, GA 30144

Capital One
PO Box 30285
Salt Lake City, UT 84130

Choice Hotels International
PO Box 99992
Chicago, IL 60696

City of San Antonio
PO Box 839975
San Antonio, TX 78283

CPS Energy
P.O. Box 2678
San Antonio, TX 78289-0001

Headway Capital, LLC
175 W. Jackson Blvd. Ste. 1000
Chicago, IL 60604

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

Kabbage, Inc.
925B Peachtree St. NE
Ste. 1688
Atlanta, GA 30309

Michael Baucum
1100 NW Loop 410, Ste. 260
San Antonio, TX 78213

Niraj Patel
12010 Lamar Bridge
San Antonio, TX 78249

Ronald J. Johnson
111 Soledad, Ste. 1350
San Antonio, TX 78205

Rubin Law Firm
11 Broadway
Suite 814
New York, NY 10004

San Antonio Water System
PO Box 2990
San Antonio, TX 78299-2990

Texas Comptroller of Public Accounts
P.O. Box 149359
Austin, TX 78714

Texas Comptroller of Public Accounts
P.O. Box 13528
Austin, TX 78711-3528

Time Warner Cable
PO Box 60074
City of Industry, CA 91716

U.S. Trustee
615 E. Houston, Rm 533
San Antonio, TX 78295-1539

Weinritter Realty LP
PO Box 782129
San Antonio, TX 78278

Windset Capital
4168 W 12600 S
2nd Floor
Riverton, UT 84096

Yellowstone Capital
1 Evertrust Plaza
14th Floor
Jersey City, NJ 07302

D. Wade Hayden
Hayden & Cunningham
7750 Broadway
San Antonio, TX 78209

Rachel R. Obaldo
Assistant Attorney General
c/o Sherri K. Simpson, Paralegal
Attorney General's Office
Bankruptcy & Collection Division
PO Box 12548
Austin, TX 78711-2548

Don Stecker
Linebarger Goggan Blair & Sampson, LLP
711 Navarro St., Ste. 300
San Antonio, TX 78205